## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN H. POLLARD, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 08-0335** |
| **ARSENAL DIGITAL SOLUTIONS WROLDWIDE, INC., ET AL** | **SECTION: "S" (4)** |

### ORDER AND REASONS

_____The Motion to Remand to State Court (Doc. #7) by plaintiffs Kevin H. Pollard and Meghan

Pollard Leypoldt is **GRANTED.**

### BACKGROUND

Plaintiff Kevin Pollard, a domiciliary of Louisiana and plaintiff Meghan Leypoldt, a former

domiciliary of Louisiana and now domiciliary of North Carolina, filed suit in the 24th Judicial

District Court for the Parish of Jefferson, State of Louisiana against Access Data Direct, LLC

("ADD") which plaintiffs allege is a Delaware limited liability company with its principal place of

business in New Orleans, Louisiana; Arsenal Digital Worldwide, Inc. and Arsenal Digital Solutions

USA, Inc. which plaintiffs allege are domiciled in North Carolina; Vertical MarkIT Corporation,

which plaintiffs allege is a North Carolina corporation with its principal place of business in North

Carolina; Usendit.com, Inc., which plaintiffs allege is a Delaware Corporation with its principal

place of business in North Carolina and defendant David Lloyd and Company, a London corporation with its principal place of business in the United Kingdom. Additionally, plaintiffs have named defendant SEITF, which defendants assert is a Delaware Corporation with its principal place of business in North Carolina; defendant Covestco-Seteura, LLC, which defendants assert is a Delaware limited liability company whose two members are SEITFL and Seteura, whose two members are Venteura Ltd. and Dacano Ltd. which are Liechtenstein corporations with their principal places of business in Liechtenstein; defendants Brick, Miller, Rakes, Ressner and Sears, which defendants assert are domiciled in North Carolina; defendant Elkhatib, whom defendants assert is a domiciliary of California; defendants Haas and Lloyd, whom defendants assert are domiciled in the United Kingdom and defendant Pein, whom defendants assert is domiciled in South Africa.

Pollard and Leypoldt allege that defendants conspired to defraud Pollard, Leypoldt and other minority shareholders by taking control of Pollard's company, Arsenal Digital Solutions Worldwide, Inc., without paying Pollard for his stock, work or his financial investment in the company; and that the conspiracy led to a proposed merger of Arsenal with IBM, which was to take place in the first quarter of 2008. Plaintiffs argue that as a result of the conspiracy, Pollard persuaded many friends and family members, including his daughter Leypoldt, then living in Louisiana, to invest in Arsenal, and that the total amount invested by the Pollard family and friends exceeds two million dollars.

Additionally, Pollard and Leypoldt allege that defendant Arsenal and members of its board of directors, defendants Miller, Rakes, Elkhatib, Brick, Pein, Lloyd and Ressner, breached their fiduciary duties to minority shareholders by approving a merger that was not in the best interest of the shareholders but rather was in their own best interest, and that as a result of that breach, minority

shareholders have been damaged.[1]

Defendants removed the matter on the basis of diversity of citizenship, arguing that the domicile of plaintiff Leypoldt should be disregarded because no reasonable basis exists that Leypoldt can recover against the defendants against whom she has made a claim, and because no community of interest exists between the claim asserted by Leypoldt in Count Twelve and the remaining causes of action.

Plaintiffs seek a remand, arguing that diversity does not exist.

## ANALYSIS

### A. Legal Standard

Removal statutes are strictly construed as federal courts are courts of limited jurisdiction.[2] Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction.[3]   A removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper.[4]

Diversity jurisdiction requires complete diversity between plaintiffs and defendants, meaning that "for diversity jurisdiction to exist, no plaintiff may be a domiciliary of the same state as any

---

[1]*See* Verified Petition for Damages, Count Twelve.  Plaintiffs have also alleged a conspiracy to defraud, fraud, negligent misrepresentation, violations of the Louisiana Unfair Trade Practices Act, breach of contract, rescission and disgorgement of funds.  *See* Verified Petition for Damages, Counts One Through Eleven.

[2]*See, e.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3]*Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

[4]*Jernigan v. Ashland Oil, Inc*., 989 F.2d 812, 815 (5th Cir.), *cert. denied*, 510 U.S. 868 (1993).

defendant."[5]   This axiom applies to cases with multiple plaintiffs: a single non-diverse party "destroys original jurisdiction with respect to all claims in the action."[6]   In determining diversity jurisdiction, the citizenship of the real parties in interest is determinative, and the citizenship of nominal or informal parties who have no real interest in the dispute before the court may be disregarded.[7]

An exception to the rule of complete diversity applies when a non-diverse defendant is improperly joined to defeat the court's diversity jurisdiction.  Improper joinder may be established in two ways: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[8]

The removing party's burden of proving improper joinder is "heavy."[9]   To succeed on a claim of improper joinder based on the inability of plaintiff to establish a cause of action against the non-diverse party, the defendant must demonstrate that "there is no possibility of recovery by the plaintiff against [a non-diverse] defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the [a non-diverse]

---

[5]*Jernigan,* 989 F.2d at 814.

[6]*Exxon v. Allapattah*, 545 U.S. 546, 552 (2005).

[7]*Wolff v. Wolff,* 768 F.2d 642, 646 (5th Cir. 1985)(finding that nominal plaintiff had no real interest at stake and did not destroy diversity).

[8]*Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004)*(en banc)* (*citing Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

[9]*Smallwood*, 385 F.3d at 574.

defendant."[10]

To predict whether a plaintiff has a reasonable basis of recovery under state law, the court may conduct a "Rule 12(b)(6)-type analysis," looking at the allegations of the complaint and determining whether the complaint states a claim under state law against the non-diverse defendant.[11]  In cases where plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may pierce the pleadings and conduct a summary judgment type inquiry.[12]  A summary judgment inquiry is only appropriate for purposes of identifying the presence of discrete undisputed facts that would preclude plaintiff's recovery against the non-diverse defendant.[13]

In applying the exception, the court does not "decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so."[14]  "In determining the validity of a claim of fraudulent joinder, the district court 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'"[15]  The court must resolve all ambiguities in the controlling

---

[10]*Smallwood,* 385 F.3d at 573.

[11]*Smallwood,* 385 F.3d at 573.

[12]*Smallwood,* 385 F.3d at 573.

[13]*Smallwood,* 385 F.3d at 573-74.

[14]*Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)(citations omitted).

[15]*Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)(*quoting, B. Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)).

state law in the plaintiff's favor.[16]  If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law.[17]

"[T]he existence of even a single valid cause of action against [non-diverse] defendants (despite the pleading of several unavailing claims) requires remand of the entire case to state court."[18]

## 2.  Motion to Remand

Defendants urge that without Leypoldt, complete diversity exits.  Defendants argue that Leypoldt should be disregarded for purposes of establishing diversity jurisdiction because the defendants in Count Twelve, the only claims asserted by Leypoldt, are not subject to personal jurisdiction; because even if the defendants are subject to personal jurisdiction in the state court, Count Twelve is an improper derivative claim against defendants in their individual capacities; and because  there is no community of interest between Count Twelve and the other claims.

Because "the existence of even a single valid cause of action against a [non-diverse] defendant ... requires remand of the entire case to state court,"[19] this court need establish only as to one claim, that defendants failed to demonstrate that Leypoldt has "no possibility of recovery ... against [a non-diverse] defendant."[20]

---

[16]*Burden,* 60 F.3d at 216.  *See also Gray ex re. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

[17]*Burden,* 60 F.3d at 216.

[18]*Gray,* 390 F.3d at 412.

[19]*Gray,* 390 F.3d at 412.

[20]*Smallwood,* 385 F.3d at 573.

### 1. *In personam* jurisdiction

"The plaintiff bears the burden of establishing [personal] jurisdiction but is required to present only *prima facie* evidence."[21]   All relevant factual disputes are resolved in favor of the plaintiff.[22]  Personal jurisdiction over a non-resident defendant is determined by the state's long-arm statute and the Due Process Clause.[23]  Because Louisiana's long-arm statute extends to the limits of the Due Process Clause of the Fourteenth Amendment, the inquiry is whether subjecting a defendant to personal jurisdiction in Louisiana would offend due process.[24]  Due process is not offended if the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."[25]

Personal jurisdiction may be either specific jurisdiction or general jurisdiction.  Defendants can be subject to general *in personam* jurisdiction if they have "continuous and systematic" contacts with the forum state.[26]  The continuous corporate operations within a state must be substantial and of such a nature as to justify suit.[27]  The "test is a difficult one to meet, requiring extensive contacts

---

[21]*Seiferth v. Helicopteros Attuneros, Inc.,* 472 F.3d 266, 270 (5th Cir. 2006).

[22]*Id.*

[23]*ICEE Distrib., Inc. v. J&J Snack Foods*, 325 F.3d 586, 591 (5th Cir. 2003).

[24]*See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 335 (5th Cir. 1999).

[25]*International Shoe Co. v. Washington,* 66 S.Ct. 154, 158 (1945) (internal quotation and citation omitted).

[26]*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 104 S.Ct. 1868, 1872 n.9 (1984).

[27]*International Shoe*, 66 S.Ct. at 159.

between a defendant and a forum."[28]

When an action arises out of or is related to the defendant's contacts with the forum, jurisdiction is commonly referred to as "specific jurisdiction."[29]

> Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, [the] "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum . . . and the litigation results from alleged injuries that "arise out of or relate to" those activities.[30]

"A single act by the defendant directed at the forum state . . . can be enough to confer personal jurisdiction if that act gives rise to the claim being asserted."[31]

The court applies a three-step analysis to determine specific jurisdiction:

> (1) whether the defendant has minimum contacts with the forum state, *i.e.*, whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or result from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.[32]

If the plaintiff successfully satisfies the first two prongs, the burden shifts to the defendant to defeat jurisdiction by showing that its exercise would be unfair or unreasonable.[33]   In conducting the

---

[28]*Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.,* 249 F.3d 413, 419 (5th Cir. 2001).

[29]*See Helicopteros,* 104 S.Ct. at 1872 n.8.

[30]*Burger King Corp. v. Rudzewicz,* 105 S.Ct. 2174, 2182 (1985) (citations and footnotes omitted).

[31]*Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 419 (5th Cir. 1993) *(citing Helicopteros,* 104 S.Ct. at 1872 n.8).

[32]*Seiferth*, 472 F.3d at 271.

[33]*Seiferth*, 472 F.3d at 271.

fairness inquiry, the court examines "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies."[34]

Plaintiffs attach Pollard's affidavit which attests that from the summer of 1998 through December 1998, Miller, one of the named defendants in Count Twelve, had several contacts with the state of Louisiana.  It is undisputed that the summer of 1998, Miller, the managing director of SEITF, a venture capital company, visited New Orleans and met over lunch with Pollard.  Miller claims the meeting with Pollard was not business oriented, but plaintiffs allege that it was then that Miller began to "induce Pollard to invest in a SEITF fund and to induce Pollard to have ADD contract with SETIF as its venture capital partner"; that Miller "misrepresented to Pollard SEITF's experience ... to fund high technology companies; and that Miller solicited and obtained from Pollard $100,000;[35] that Miller told Pollard that One Room Systems, Inc. ("ORSI") was a company that SEITF had invested in and misrepresented that ORSI would be a good profitable company with which ADD, Pollard's company, could merge, when in fact ORSI had operational and financial problems; and that the two companies merged to become Vertical MarkIT Corporation which resulted in Pollard losing control of his company ADD.[36]  Plaintiffs further allege that Miller's

---

[34]*Luv N' Care Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

[35]*See* Verified Petition for Damages, Paragraph 28.

[36]*See* Verified Petition for Damages, Paragraph 30 and 38.

misrepresentations continued with respect to SEITF's financial participation in Vertical[37] and to Usendit, Inc., a company created by SEITF, Miller and Pollard to hold the assets among them.[38] Plaintiffs allege that on January 18, 2000, ADD became a subsidiary of Usendit which on eventually changed its name to Arsenal Digital Solutions Worldwide, Inc.[39]  Plaintiffs allege that during the period of late 1998 and early 2001, based on Miller's and the other defendants' promises of further funding of Arsenal, Pollard persuaded family and friends, including his daughter Leypoldt, to become a shareholder in Arsenal.[40]

Pollard also attests that in addition to Miller's business trip to New Orleans, from August 1998 through December 1998, Miller maintained contact with Pollard through phone calls, faxes and emails, which all pertained to the  merger of Pollard's company ADD with ORSI.[41]

Plaintiffs contend that stemming from Miller's misrepresentations that Pollard and Leypoldt made a number of unfavorable investments spanning from the end of 1998 until sometime in 2003.

Plaintiffs have not shown that the Count Twelve Defendants had "continuous and systematic" contacts with Louisiana to establish general personal jurisdiction.  However, resolving all factual disputes in favor of plaintiffs, plaintiffs have shown a *prima facie* case that Miller is subject to specific personal jurisdiction because Miller "purposefully directed" his activities at Pollard who is

---

[37]*See* Verified Petition for Damages, Paragraph 40.

[38]*See* Verified Petition for Damages, Paragraph 42.

[39]*See* Verified Petition for Damages, Paragraph 44 and 45.

[40]*See* Verified Petition for Damages, Paragraph 55.

[41]The court also notes that Pollard attest to Arsenal maintaining offices in New Orleans, Louisiana and the lso

a resident of the forum, and that Leypoldt's claim against Miller "arises out of or relates to" those activities.[42]

Defendants have not borne their burden to defeat jurisdiction by showing that its exercise would be unfair or unreasonable as to Miller.[43]  Defendants urge that exercising personal jurisdiction would violate traditional notions of fair play and substantial justice.  Because Miller came to Louisiana to meet with Pollard and continued contact with Pollard regarding for same business reasons, the court does not find the exercise of personal jurisdiction would not offend due process.[44] Further because Pollard is a Louisiana citizen and because some of the events which give rise to plaintiffs' allegations occurred in Louisiana, the court finds that Louisiana has a viable interest in protecting shareholders like Pollard.  The court finds that Pollard has a true interest in securing relief; that the interest of the interstate judicial system in the efficient administration of justice is served by the exercise of personal jurisdiction over Miller.[45]

## 2.  Cause of Action Against Count Twelve Defendants

In determining whether Leypoldt is able to establish a cause of action against the Count

---

[42]*Burger King Corp. v. Rudzewicz,* 105 S.Ct. 2174, 2182 (1985) (citations and footnotes omitted).  Because personal jurisdiction is established as to Miller, the court need not determine for purposes of this motion to remand whether the other Count Twelve defendants are subject to personal jurisdiction.  Similarly, because plaintiffs have alleged a cause of action against the Count Twelve defendants, the court need not determine for purposes of this motion to remand whether a Louisiana court would recognize "conspiracy jurisdiction."

[43]*Seiferth*, 472 F.3d at 271.

[44]*See Walk Haydel & Assoc., Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 242-45 (5th Cir. 2008)(specific jurisdiction found where communications containing material omissions were directed at Louisiana resident and cause of action arose from or related to same).

[45]*Luv N' Care Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006).

Twelve defendants in state court, this court must look to Louisiana law for the substantive issues.[46]

The general rule in Louisiana is that a shareholder has no separate or individual cause of action

against third persons, including directors and officers of a corporation, for wrongs committed against

or causing damage to the corporation.[47]  However, Louisiana Revised Statute 12:91 provides that "a

director or officer shall not be held personally liable to the corporation or the shareholders thereof

for monetary damages unless the director or officer acted in a grossly negligent manner as defined

in Subsection B ..., or engaged in conduct which demonstrates a greater disregard of the duty of care

than gross negligence, including but not limited to intentional tortious conduct or intentional breach

of his duty of loyalty."  Gross negligence is defined as a "reckless disregard of or a carelessness

amounting to indifference to the best interests of the corporation or the shareholders thereof."[48]

Count Twelve alleges various intentional acts where defendants put their own self-interest

ahead of the interests of Pollard, Leypoldt and other minority shareholders.  For example, Paragraph

153 alleges that defendants engaged in a continuous tortious conspiracy and acted in their own  self-

interest and not in the best interest of the shareholders.  Similar allegations can be found in

Paragraphs 154 and 160.

In determining improper joinder, the court must consider plaintiff's factual allegations in the

light most favorable to plaintiff and resolve all ambiguities in the controlling state law in plaintiff's

---

[46]*Erie R.R. Co. v. Tomkins*, 304 U.S. 64, 78 (1938).

[47]*See Dawkins v. Mitchell*, 90 So. 396 (La. 1922) and *Orlando v. Nix*, 129 So. 810 (La. 1930).

[48]La. Rev. Stat. 12:91(B).

favor.  Applying that standard, the court finds that Leypoldt's allegations color a cause of action

under La. Rev. Stat. 12:91 against the defendants individually because plaintiff's claims concern

defendants' alleged intentional breaches of the duty of loyalty to the shareholders, including

Leypoldt.

### 3. Community of Interest

Under either the federal or Louisiana's joinder rule, Pollard and Leypoldt have related causes

of action that share a common factual overlap and arise from the same community of interest.[49]  A

community of interest is present between different actions or parties, where enough factual overlap

is present between the cases to make it commonsensical to litigate them together.[50]  Pollard and

---

[49]The courts are divided on whether federal or state rules of joinder should apply after a case has been removed to federal court.  However, the federal and Louisiana's joinder rules are similar.  Federal Rule of Civil Procedure 20(a)(1) provides:

(1) Plaintiffs.  Persons may join in one action as plaintiffs if:

(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any question of law of fact common to all plaintiffs will arise in the action.

Louisiana Code of Civil Procedure article 463 provides:

Two or more parties may be joined in the same suit, either as plaintiffs or as defendants, if:

1) there is a community of interest between the parties joined;

2) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and

3) All of the actions are mutually consistent and employ the same form of procedure.

[50]*Mauberret-Lavie v. Lavie,* 850 So.2d 1, 2 (La. App. 4th), *writ den.,* 861 So.2d 569 (La. 2003).  *See also First Guaranty Bank v. Carter*, 563 So.2d 1240 (La. App. 1st Cir. 1990).

Leypoldt were investors in the same corporation, and in Count Twelve, both are alleging damages arising from defendants' breach of fiduciary duties by approving a merger that was not in the best interest of the shareholders.  The presence of Leypoldt in this suit does not violate joinder rules.

**3.  Conclusion**

From a reading of plaintiffs' petition, the court determines that defendants have not demonstrated that there is no reasonable basis of recovery by plaintiff Leypoldt in state court against Miller who is non-diverse from Leypoldt.  Because complete diversity does not exist, this court has no subject matter jurisdiction.[51]  The motion to remand is **GRANTED.**

New Orleans, Louisiana, this ___26th___day of September, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

---

[51]Because the court finds that complete diversity does not exist as between Leypoldt and all defendants, it is not necessary for the court to determine whether ADD destroys diversity.

14